IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:24-CR-242 (AMN) |
| | ) | |
| v. | ) | |
| | ) | |
| **BRUCE BOCHETTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**United States' Sentencing Memorandum**

The United States of America, through the United States Attorney for the Northern District of New York, respectfully asks that the Court (i) impose a term of imprisonment that takes into account the applicable Sentencing Guidelines range, as well as the defendant's personal characteristics and the seriousness of his crime; (ii) order restitution in the amount of $219,706; and (iii) in the event the Court orders probation in lieu of imprisonment, order the defendant to pay a fine in the amount of $20,000.

On June 7, 2024, pursuant to a plea agreement, the defendant pled guilty to a one-count information charging tax evasion committed in violation of 26 U.S.C. § 7201.

The defendant is scheduled to be sentenced on October 4, 2024. He has never been in custody.

**1.      Factual Summary**

The Government relies on the facts set forth in the Presentence Investigation Report ("PSIR," dkt. no. 14) prepared by the Probation Office. PSIR ¶ 2.

The defendant operates a commercial painting business. In pleading guilty, he admitted that for tax years 2017 through 2021, he evaded income taxes by depositing checks, and portions of checks, into his personal account that were payments from his company's commercial painting

clients. The defendant did not report this income to the IRS, on either his company's tax returns or his personal tax returns, and did not pay taxes on this income. The defendant admitted to not reporting $825,719.56 in business income, and to evading the assessment and payment of $219,706 in taxes.

**2.     Maximum Penalties and Consequences**

Maximum term of imprisonment: 5 years, pursuant to 26 U.S.C. § 7201.

Maximum fine: $100,000, pursuant to 26 U.S.C. § 7201.

Supervised release term: the court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment. See 18 U.S.C. § 3583.

**3.     Guidelines Calculation and Range**

**3.1     Criminal History Category**

The United States adopts the PSIR's conclusion that the defendant's criminal history category is I based on zero criminal history points. PSIR ¶¶ 27-31.

**3.2     Offense Level**

The United States agrees with the Sentencing Guidelines offense level calculation set forth in the PSIR, resulting in a post-acceptance offense level of 11. *See* PSIR ¶¶ 17-26.

**3.3     Guidelines Range**

The applicable Sentencing Guidelines range is 8 to 14 months in prison. PSIR ¶ 50. The appeal-of-sentence waiver is set at 18 months. Id. ¶ 53.

The Guidelines fine range is $4,000 to $40,000. PSIR ¶ 61.

**4.     Sentencing Recommendation**

The Government respectfully asks that the Court (i) impose a term of imprisonment that takes into account the applicable Sentencing Guidelines range, as well as the defendant's personal

characteristics and the seriousness of his crime; (ii) order restitution in the amount of $219,706; and (iii) in the event the Court orders probation in lieu of imprisonment, order the defendant to pay a fine in the amount of $20,000.

Such a sentence would be sufficient and not greater than necessary to achieve the goals set out in 18 U.S.C. § 3553(a), including the need for the sentence to reflect the nature and circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence to afford adequate general deterrence to criminal conduct vis-a-vis small business owners who could be underreporting their income to the IRS; and the need for restitution to be paid.

***

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Dated:   September 26, 2024                Respectfully submitted,

                                                        CARLA B. FREEDMAN
                                                       United States Attorney

                              By:   */s/ Michael Barnett*
                                                         Michael Barnett
                                                         Assistant United States Attorneys
                                                         Bar Roll No. 519140